204 June 20, 2013 No. 28

IN THE OREGON TAX COURT
REGULAR DIVISION

KARAMANOS HOLDINGS, INC.
and Sunshine Dairy Foods Management, LLC,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE
and Multnomah County Assessor,
*Defendants.*

(TC 5135)

Plaintiffs (taxpayer) appealed from a Magistrate Division decision of dismissal regarding property tax assessment in Multnomah County. Taxpayer asserted its petition to the county board of property tax appeals and its complaint to the Magistrate Division were timely, and argued that its property was not principal or secondary industrial property such that the appeal provisions of ORS 305.403 applied. Defendant Department of Revenue (the department) moved to dismiss on the ground that the Magistrate Division complaint was not timely. Following cross-motions for summary judgment, the court ruled that because taxpayer's property was principal or secondary industrial property, the appeal provisions of ORS 305.403 as recently amended applied, and that because of that statutory context, taxpayer's appeal to the Magistrate Division was untimely and not a failure for good and sufficient cause such that the court could consider the matter under ORS 305.288.

Oral argument on cross-motions for summary judgment was held April 8, 2013, in the courtroom of the Oregon Tax Court, Salem.

Michael J. Mangan, Cosgrave Vergeer Kester LLP, Portland, filed the cross-motion and argued the cause for Plaintiffs (taxpayer).

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Lindsay R. Kandra, Multnomah County Counsel, Portland, filed the motion for Defendant Multnomah County Assessor (the county).

Decision for Defendants rendered June 20, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.  INTRODUCTION

This matter is before the court on cross-motions for summary judgment. The question is whether Plaintiffs (taxpayer) timely appealed assessment of its property.

## II.  FACTS

This property tax case involves buildings, structures and equipment contained in several tax accounts, used in a dairy operation and located at one physical address. For a number of years prior to the year in question, 2011-12, the property was classified as industrial property in respect of which Defendant Department of Revenue (the department) had assessment responsibility under ORS 306.126.[1] Taxpayer has known that the property was subject to state assessment and has, for many years, filed the reporting forms appropriate to that status.

Prior to the 2011 legislative session of the Oregon Legislature, ORS 305.403 provided that a taxpayer owning principal or secondary industrial property subject to assessment by the department could, if the taxpayer so elected, bypass any appeal to a county Board of Property Tax Appeal (BOPTA) and proceed directly to this court to contest the assessment. Alternatively appeals could be to the appropriate BOPTA. In either case the appeal had to be filed by December 31 of the tax year.

In 2011 the Oregon Legislature amended ORS 305.403 and ORS 309.100 so that any contest of department assessments of primary or secondary industrial properties had to be initiated, if at all, in this court. Or Laws 2011, ch 111, sections 1 and 2. Those amendments were effective September 29, 2011, prior to the time the tax statements for the property were sent to taxpayer. The appeal to this court, for the 2011-12 year, had to be filed by December 31, 2011.

Taxpayer's attorney prepared and, on December 23, 2011, filed with the Multnomah County BOPTA, appeals of the assessments for the 2011-12 year. Based on the changes made to ORS 305.403, those filings were rejected by the Multnomah County BOPTA . Thereafter, taxpayer filed an

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

appeal in this court on January 4, 2012. That filing was beyond the statutory filing deadline.

## III.   ISSUES

Two issues are presented for decision. The first issue is whether the property in question was principal or secondary industrial property such that the appeal provisions of ORS 305.403 apply. The second issue is whether, if ORS 305.403 did apply, failure of taxpayer to file in this court within the statutory time allowed was a failure for good and sufficient cause such that the court can consider the matter under ORS 305.288 notwithstanding the failure to timely appeal.

## IV.   ANALYSIS

A.   *Issue of Primary or Secondary Industrial Property*

Taxpayer's first argument is that the property unit in question was not a principal or secondary industrial property. That position is untenable. For purposes of determining the proper route of appeal, ORS 305.403 specifies that the direct route to this court must be taken for principal and secondary industrial property. The statute then goes on to say that those terms have the meaning assigned in ORS 306.126 "and include those properties appraised by the department for ad valorem property tax purposes." ORS 305.403(5).

The property in question here is a principal or secondary industrial property as defined in ORS 306.126. That statute must be read together with the rules that the department has adopted to carry out its responsibilities. Taxpayer argues that ORS 306.126 must be read by treating a "unit" of property as each individual building, structure or piece of equipment found in an industrial location. That position is not well taken. ORS 306.126 itself speaks of a "unit" as potentially being comprised of "improvements." It states, for example:

> "'Secondary industrial property' means *any unit* of industrial property having a real market *value of the improvements* on the assessment roll for the preceding year of more than $1 million but of $5 million or less."

ORS 306.126(1)(a)(B) (emphasis supplied). That statutory language cannot be given effect if a "unit" was, in all cases, only one improvement or piece of machinery.

Further, ORS 306.126 authorizes the department to adopt rules as may be necessary to carry out the purposes of the statute. The department has done so and the court finds no fault with what the department has done in order to define its areas of responsibility and provide guidance to taxpayers and county assessment officials. The court concludes that the property in question here is a secondary industrial property within the definitions of ORS 306.126.

Even if that were not the case, ORS 305.403 appears to apply to this property because it was, in the language of ORS 305.403(5), a property "appraised by the department." That appears to be an independent basis for concluding that the appeal requirements of ORS 305.403 must be satisfied.

The court observes that doubt about the status of the property in question does not appear to have existed in years prior to 2011-12. In those years the taxpayer reporting and department processing functions applicable to industrial facilities had been regularly followed. Taxpayer argues that the fact that such processes were followed cannot support the conclusion that this property was in fact industrial. Taxpayer states that the reason for this was that, prior to 2011, there was no reason to care whether property was or was not industrial. That, however, was not so. Prior to the amendments to ORS 305.403 made in 2011, owners of principal and secondary industrial properties had the option to forego appeal to the Board of Tax Appeals and proceed directly to this court. In any case, the resolution of this point rests on the provisions of the statute and rules and not on inferences from false premises.

## B.  *Applicability of ORS 305.288*

Taxpayer also argues that notwithstanding the requirement of ORS 305.403, as amended effective September 29, 2011, the provisions of ORS 305.288 apply to give this court jurisdiction for the reason that taxpayer had good and sufficient cause for failing to comply with the

requirements of ORS 305.288. ORS 305.288 provides, in respect of the good cause element:

"(b)   'Good and sufficient cause':

"(A)   Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B)   Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

ORS 305.288(5)(b).

It is obvious that but for the change in the provisions of ORS 305.403 made by the 2011 legislature, the actions taken by taxpayer and its attorney would have been sufficient to begin a contest as to the assessment of taxpayer's property. The record contains no evidence that any physical changes or, indeed, any other changes occurred in 2011 that led to any act or omission on the part of taxpayer to its detriment.

What the statute requires, in the first instance, is a "circumstance" that "causes" a taxpayer or an agent or representative to fail to pursue a statutory right of appeal. In order to qualify for the benefits of ORS 305.288, a taxpayer needs to show not only that some "circumstance" occurred, but also that its occurrence "caused" a failure.[2] In the record made by taxpayer in this matter, there is no evidence that any "occurrence," including the amendment of ORS 305.403, caused taxpayer or its agent or representative to fail to pursue an appeal. There is no declaration or affidavit of an officer of taxpayer to that effect. There is a declaration of David J. Sweeney, an attorney for taxpayer. However, that declaration does not go beyond a statement of certain historical facts. It contains no identification of a circumstance that

---

[2] In a typical situation, a taxpayer would establish, for example, the fact of a debilitating illness and show how the timing of that illness and statutory deadlines coincided.

caused or is described as causing any failure to pursue the appeal properly. In particular, there is no statement from David J. Sweeney that he had, in good faith, formulated a view of ORS 306.126 and ORS 305.403 consistent with what counsel for taxpayer now argues, and that on that basis he chose to take the action he did.

The failure of taxpayer to make a record as to a circumstance and a causal connection between that and a failure would be enough to deny the motion of taxpayer and grant the motion of the department. However, in the absence of any such showing, the court also observes that, logically, the only circumstance that occurred and was relevant to the failure to pursue the statutory right of appeal was the amendment to ORS 305.403. Following that amendment taxpayer and its attorney were either unaware of the change in the law or they were aware of the change but did not take the change into account.

In the case of taxpayer or its attorney being unaware of the change in the law, the explicit language of ORS 305.288(5)(b) states that such lack of knowledge does not constitute good and sufficient cause. In the event that taxpayer or its attorney knew of the change in law but did not react appropriately, that would constitute inadvertence or oversight, again specifically declared in the statute not to constitute good and sufficient cause.

## V.   CONCLUSION

The complaint filed in the Magistrate Division in this matter identified one real property tax account and two personal property tax accounts as being at issue. On this record, accounts R278439 and P623373 were properly before the court given action of the Multnomah County BOPTA in denying jurisdiction over those accounts. Nothing in the record indicates that the Multnomah County BOPTA took any action in respect of Account P613420 prior to the time taxpayer's complaint was filed in the Magistrate Division. There is therefore no action for this court to review as to Account P613420 and the complaint, insofar as it addresses that account is, for that reason, dismissed. As to its substantive discussions and decision, this order should be read

as referring only to accounts R278439 and P623373. Now, therefore,

IT IS ORDERED that the motion for summary judgment of Defendants is granted; and

IT IS FURTHER ORDERED that Plaintiffs' cross-motion for partial summary judgment is denied. Counsel for Defendant Department of Revenue is directed to prepare and appropriate form of judgment. Costs shall be paid by Plaintiffs.