IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| GUADALAJARA GRILL<br>and SONIA PLASCENCIA, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 170230G |
| | ) | |
| v. | ) | |
| | ) | |
| MARION COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

Defendant moved to dismiss this case in its Answer. Plaintiffs' Complaint was filed on June 1, 2017, appealing the 2014–15, 2015–16, and 2016–17 assessed values of personal property identified as account number P336087. Defendant moved to dismiss because Plaintiffs had not alleged good and sufficient cause for failing to pursue their appeal at the county board of property tax appeals (BOPTA). At the case management conference, Plaintiffs agreed to file a response to Defendant's motion to dismiss no later than September 11, 2017. The court did not receive a response from Plaintiffs.

Generally, taxpayers who could have appealed to BOPTA, but did not, have no right of appeal to this court. *See* ORS 305.275(3);[2] *Gray v. Multnomah County Assessor*, TC 4810, WL 933072 (Or Tax Apr 8, 2008). Taxpayers have a right to petition BOPTA for a reduction in the value of their property through December 31 of the year of the assessment. ORS 309.100(2).

This court may grant relief to taxpayers who had "good and sufficient cause" for failing to pursue their statutory right of appeal. ORS 305.288(3). Good and sufficient cause is defined

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered September 27, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015. The relevant statutes did not materially change over the years at issue.

as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). Good and sufficient cause does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official." ORS 305.288(5)(b)(B). A taxpayer must show "not only that some 'circumstance' occurred, but also that its occurrence 'caused' a failure." *Karamanos Holdings Inc. v. Multnomah County Assessor*, 21 OTR 198, 202 (2013).

Here, Plaintiffs have requested a reduction in the assessed value of personal property. Because BOPTA is authorized to reduce property value, Plaintiffs had a right to petition BOPTA during each of the years at issue. *See* ORS 309.100(1); 309.026(2). Unless Plaintiffs had good and sufficient cause for not exercising that right, they do not have a right of appeal to this court.

At the case management conference, Ms. Plascencia explained that Guadalajara Grill had been run by her brother, who died suddenly in January 2015. She did not petition BOPTA because she was unfamiliar with the process and because her brother's death had left her dealing with many other problems. She did not speak with a representative of Defendant until the time she filed her appeal at this court in June 2017.

Because the statute specifically excludes lack of knowledge from the definition, Plaintiffs' unfamiliarity with the process was not "good and sufficient cause" for failing to petition BOPTA. *See* ORS 305.288(5)(b)(B). With respect to the 2014–15 tax year, Plaintiffs have not alleged any other circumstance causing them not to petition BOPTA by December 31, 2014. With respect to the subsequent years at issue, Plaintiffs have not shown how the unfortunate death of Ms. Plascencia's brother in January 2015 prevented them from keeping their appeal deadlines beginning eleven months later. The timing of the event and the deadlines did

not coincide.  *See Karamanos Holdings*, 21 OTR at 202 n 2.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

Plaintiffs' Complaint is dismissed.

Dated this ____ day of October, 2017.


_____
POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on October 17, 2017.***