IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| JOHN T. HOGGARD and MARY T. BURRY, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 170389G |
| v. | ) ) | |
| CLACKAMAS COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter came before the court on Defendant's Motion to Dismiss (motion) based on the statute of limitations. Plaintiffs conceded that their Complaint, filed December 19, 2017, was untimely. In response to the court's order of April 24, 2018, Plaintiffs filed a letter alleging circumstances related to their untimely filing. Defendant filed a reply.

## I. FACTS

The court accepts the facts alleged by Plaintiffs as true and the attachments to the pleadings as authentic for the purpose of deciding this motion.

Plaintiffs received a notice from Defendant entitled "Omitted Property Notice." That notice related appeal rights as follows:

> "Should you decide to appeal this decision of the assessor, you must file a complaint with the Oregon Tax Court in the Magistrate Division. *The appeal must be filed with that court as provided in ORS 305.280 and ORS 305.560 by October 17, 2017*, which is within 90 days after our 'show cause' date of July 19, 2017."

(Emphasis added.) Included with Defendant's Omitted Property Notice was another document

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered June 22, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

entitled "Omitted Property Waiver." That waiver was provided in blank for the "owner's signature" and contained the following operative language:

> "I agree to the following additional value of the above described property and understand that this value will be added to the Clackamas County Assessment Roll on July 19, 2017, for the year or years indicated. *I also understand that by signing this waiver I do not give up my appeal rights to the Magistrate Division of the Oregon Tax Court.*"

(Emphasis added.) Plaintiffs described their interpretation of the documents it received from Defendant thus: "Correspondence from the appraiser's office does state an appeal could be taken to the court by October 17, 2017. Our acceptance of this, we understood, would not preclude a later appeal."

Plaintiffs also described several serious medical issues they confronted "[b]efore and during" the appeal period. First, they were "advocates" who provided "help and focus" while their sister-in-law was dying and two other close family members were undergoing procedures. Second, Plaintiff Mary Burry "was * * * battling a number of health problems," including a cancer diagnosis and "severe and progressive shortness of breath, chest pain, near fainting and a serious cardiac arrhythmia that has been all consuming over the last year." Due to stress from dealing with those issues, Plaintiffs were "emotionally exhausted." Plaintiffs were also "confused as to the timing required to respond to the * * * increased property tax assessment."

## II. ANALYSIS

The issue is whether Plaintiffs have shown good and sufficient cause under ORS 305.288(3) for failing to timely appeal.[2] Plaintiffs assert illness and a misunderstanding arising from Defendant's correspondence as grounds for meeting that standard.

ORS 305.288(3) states:

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

Thus, to qualify for relief under ORS 305.288(3), a plaintiff must appeal the proper tax years, lack another statutory right of appeal, and show a circumstance meeting the statutory definition of good and sufficient cause. That definition is provided by ORS 305.288(5)(b), which states:

> " 'Good and sufficient cause':
>
> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
>
> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Here, because Plaintiffs concede they did not timely appeal and seek relief for the two preceding tax years, the only issue is whether they had good and sufficient cause for missing their appeal deadline.

A.    *Personal and Family Illness*

To have good and sufficient cause for failing to appeal, "a taxpayer needs to show not only that some 'circumstance' occurred, but also that its occurrence 'caused' a failure." *Karamanos Holdings Inc. I  v. Dept. of Rev.*, 21 OTR 198, 202 (2013).

Providing care for a spouse near death may constitute good and sufficient cause. In *Schlaadt Family Trust v. Lane County Assessor*, TC-MD 070876D, WL 2583013 (Or Tax M Div June 20, 2008), the taxpayer's husband had been diagnosed with a brain tumor a year before the assessment was received. By the time of the assessment, he was

"bedridden and unable to handle family financial matters" and was increasingly dependent on his wife and children for care. *Id.* In evaluating whether to accept the parties' stipulated agreement, the court found that both the taxpayer and her husband had good and sufficient cause for missing that deadline—he because of his illness, and she because caring for him left her living "in a fog," particularly "during the last few months of his life." *Id.*

However, the coincidental death of a family member is not good and sufficient cause where a taxpayer's failure to appeal is due to lack of knowledge. In *Harrison v. Deschutes County Assessor*, TC-MD 050091C, WL 1432470 (Or Tax M Div May 13, 2005), the taxpayer had been appointed executor for his uncle, who had died the year before the assessment, and legal guardian of his aunt, who suffered from Alzheimer's disease. During the appeal period, the taxpayer traveled to New York in connection with his uncle's estate and his aunt's medical needs. The taxpayer misplaced the tax statement while lodging visitors in his home office over Thanksgiving. The court found that although the death of taxpayer's uncle was an extraordinary circumstance beyond his control, the cause of the untimely filing was that taxpayer "was unaware of the deadline." *Harrison*, 2005 WL 1432470 at *2. The court emphasized that "inadvertence, oversight, and lack of knowledge are expressly excluded from the statutory definition of good and sufficient cause." *Id.*

Here, Plaintiffs have not shown that either their personal or family illnesses caused them to miss their appeal deadline. To the contrary, Plaintiffs admit they were "confused as to the timing required." As in *Harrison*, such lack of knowledge is an adequate explanation for their failure to appeal regardless of the other circumstances they

were confronting at the time. Furthermore, Plaintiffs have not shown that Mary Burry's medical conditions left her incapacitated and required extraordinary care from her husband, as in *Schlaadt Family Trust*. Finally, Plaintiffs have not closely tied the dates of their relatives' illnesses to their appeal deadline. Instead, they listed the illnesses in a series of events occurring "[b]efore and during" the appeal period. That general allegation is insufficient to show that those illnesses caused a failure to appeal.

B.      *Misleading Information*

ORS 305.288(5) singles out misleading information from an authorized tax official as potentially good and sufficient cause. Although Plaintiffs develop no argument, they allege they understood correspondence from Defendant to mean an appeal was permissible later than October 17, 2017.

A review of the correspondence provided to the court does not support a conclusion that Plaintiffs' misunderstanding was the result of misleading information. Defendant's Omitted Property Notice stated a specific appeal deadline. Defendant's Omitted Property Waiver did not purport to extend the appeal deadline, but only stated that appeal rights to this court would not be lost by signing the waiver. The phrase "by signing this waiver I do not give up my appeal rights" is not misleading information about an appeal deadline.

### III.  CONCLUSION

Defendant's Motion to Dismiss is well taken because Plaintiffs admit their Complaint was untimely and have not shown good and sufficient cause for failing to timely appeal. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.

Dated this ____ day of July 2018.


                                        _____
                                        POUL F. LUNDGREN
                                        MAGISTRATE


*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on July 12, 2018.*