IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MATTHEW FIDLER                        )
and WE'RE THE WURST,                  )
                                      )
            Plaintiffs,               )        TC-MD 250045G
                                      )
      v.                              )
                                      )
DESCHUTES COUNTY ASSESSOR,            )
                                      )        **ORDER ON DEFENDANT'S**
            Defendant.                )        **MOTION TO DISMISS**

Defendant moves to dismiss Plaintiffs' Complaint appealing the real market value of

personal property. The subject property is identified in Defendant's records as Account 278367,

and the tax years at issue are 2021-22, 2022-23, and 2023-24.

## I. FACTS

Plaintiff Matthew Fidler owns and operates *We're the Wurst*, a butchering and meat

processing business based in Redmond. (Compl at 3.)

Plaintiffs moved to Redmond from Bend "[d]uring 2020-2021" to participate in an

Enterprise Zone tax incentive. (*Id*. at 7.) Fidler visited the office of the zone sponsor, Redmond

Economic Development, Inc. (REDI), and received "verbal confirmation" that his paperwork

was sufficient to qualify Plaintiffs for Enterprise Zone (EZ) exemption. (*Id*.) Defendant agrees

that "[t]he business was approved for 2022 EZ during 2021" after Plaintiffs filed a 2021 personal

property return. (Marshall Decl at 3.)

Defendant subsequently determined Plaintiffs were "disqualified by operation of law

from the EZ" for tax year 2022 and subsequent years. (Marshall Decl at 4.) Defendant alleges

Plaintiffs "failed to make a claim for business personal property tax exemption under ORS

/ / /

285C.175 each year following 2021" because they did not file personal property tax returns or enterprise zone property schedules. (*Id*. at 3.)

Defendant assessed the subject account for 2022-23 and 2023-24 "with estimated values based on the business's reporting in 2021[.]" (Marshall Decl at 3.) The subject's 2024-25 personal property tax statement shows delinquent taxes owed for 2022-23 and 2023-24. (Compl at 2.) It shows no taxes owing for 2021-22. (*Id.*)

Plaintiffs do not challenge their disqualification from enterprise zone exemption. Rather, they challenge the subject account's tax roll real market values, which they claim were overstated for the years at issue because Defendant "charged for equipment long gone, equipment which *was* sheltered under REDI program and equipment that I was personally selling for other people." (Compl at 7, emphasis in original.) Plaintiffs filed their Complaint directly in this court, without first petitioning the Deschutes County Property Value Appeals Board (formerly the Deschutes County Board of Property Tax Appeals) for any of the years at issue.

## II. ANALYSIS

At issue is whether Plaintiffs have shown good and sufficient cause under ORS 305.288 for failing to timely pursue their statutory right of appeal.[1] Defendant moves to dismiss the appeal on three grounds: (1) that Plaintiffs failed to first petition the board, (2) that Plaintiffs' Complaint was untimely as an appeal of an assessor's action, and (3) that Plaintiffs do not qualify for the enterprise zone exemption. Plaintiffs admit the factual bases of the first two grounds and do not contest the subject's exemption status; they allege that they meet the conditions set by ORS 305.288(3) for receiving relief outside the usual appeals process.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023. The cited statutes did not materially change over the relevant time period.

A.     *ORS 305.288*

The statutory means of appealing a value error on the tax roll is by filing a petition with the county property value appeals board by December 31 after the property tax statement is issued. *See* ORS 309.100. Orders of that board may in turn be appealed to the Magistrate Division within 30 days. ORS 309.110(7); 305.280(4). The statute allowing appeals directly to this court specifically excludes appeals where "a taxpayer may appeal to the property value appeals board under ORS 309.100[.]" ORS 305.275(3).

Nevertheless, taxpayers and taxing authorities may seek corrections to recent tax rolls outside the usual statutory appeal process, provided there is "good and sufficient cause" for not pursuing the statutory right of appeal. ORS 305.288(3). That right to relief is for the current and two immediately preceding tax years. *Id*. Good and sufficient cause is defined narrowly:

> "(b) 'Good and sufficient cause':
>
> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
>
> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

ORS 305.288(5). To obtain relief under ORS 305.288(3), a plaintiff must show (a) that an extraordinary circumstance occurred and (b) that the circumstance caused the failure to appeal. *Karamanos Holdings Inc. v. Multnomah County Assessor*, 21 OTR 198, 202 (2013). Extraordinary circumstances include "death or serious illness; unavoidable and unforeseen absence; lapses in the assessor's performance of his or her duties; or fire, disaster, or other casualty." *Kirtz v. Washington County Assessor*, TC-MD 021123A, 2002 WL 32107259 at *2

/ / /

(Or Tax M Div, Dec 27, 2002), quoted in *Russell Fellows Properties, LLC v. Multnomah County Assessor*, TC-MD 220307N, 2022 WL 16948232 at *2 (Or Tax M Div, Nov 15, 2022).

Here, Plaintiffs allege as an extraordinary circumstance that they "never received any *written* notice of removal" from the enterprise zone program and thus failed to appeal because they assumed their property was still tax exempt. (Ptfs' Response at 1, emphasis in original.) Defendant does not dispute Plaintiffs' allegation that it gave no special notice of the disqualification, asserting that Plaintiffs' property was disqualified "by operation of law."

The enterprise zone exemption is authorized by ORS 285C.175 for qualified properties of qualifying business firms. That statute clearly establishes a notice requirement and a right of appeal when a property is denied an enterprise zone exemption:

> "The county assessor shall notify the business firm in writing whenever property is denied an exemption under this section. The denial of exemption may be appealed to the Oregon Tax Court under ORS 305.404 to 305.560."

ORS 285C.175(6).[2] County assessors must give written notice when an enterprise zone exemption claim is denied.

If Defendant denied Plaintiffs' exemption, its failure to provide written notice was a lapse in its duties. *See* ORS 285C.175(6); *Kirtz*, 2002 WL 32107259 at *2. An assessor's failure to provide a required notice of its action is good and sufficient cause for a taxpayer's not pursuing the statutory right of appeal. ORS 305.288(5).

B.     *Disqualification and Denial after Failure to Claim Exemption*

In its briefing, Defendant nowhere refers to the action it took in this case as a denial of Plaintiffs' exemption claim. Defendant instead states that Plaintiffs' business was "disqualified by operation of law" after Plaintiffs "fail[ed] to file required forms[.]" (Marshall Decl at 4;

---

[2] Defendant appears to have overlooked this provision, as it was not cited in its briefs.

Def's Mot Dismiss at 7.)  The "forms" to which Defendant refers are those called for by ORS 285C.220(1).  (*See* Marshall Decl at 2-3.)

Once an enterprise zone exemption is granted, the initiative for maintaining that exemption lies with the taxpayer.  *See* ORS 285C.220(1); *United Streetcar, LLC v. Dept. of Rev.*, 23 OTR 418, 423 (2019).  Business firms with exempt property file claims with the county assessor annually on a form prescribed by the Department of Revenue.  ORS 285C.220(1).  While the statute merely permits (rather than requires) the filing of a claim form, failure to file it may result in losing the exemption.

Where no claim form is filed, the assessor may follow one of two courses of action.  The first course is to investigate: the assessor may demand reports from the firm concerning its employment status and the use of its property.  ORS 285C.230(3)(a); 285C.235(1).  If reports are not received within 60 days, the assessor may then disqualify the property by "giving written notice of the disqualification to the Department of Revenue and the owner or lessee of the qualified property."  ORS 285C.235(1).  The second course is for the assessor to forego investigation and simply "deny the exemption under ORS 285C.175 for the current tax year or for any future tax year for which the property would otherwise qualify for exemption under ORS 285C.175."  ORS 285C.230(3)(b).  As discussed above, when an enterprise zone exemption is denied, the assessor must give written notice to the taxpayer.  *See* ORS 285C.175(6).

Thus, failing to file a claim form under ORS 285C.220(1) does not end an EZ exemption by "operation of law" in the sense of ending it without additional action by the assessor.  The assessor may investigate and potentially disqualify the property or it may deny the exemption without investigation.  In either case, the taxpayer must be given written notice that the property will not receive EZ exemption.  *See* ORS 285C.230(3); 285C.235(1); 285C.175(6).

Here, if Plaintiffs did not file a claim under ORS 285C.220(1), Defendant's options were to either demand more information or deny the exemption. *See* ORS 285C.230(3). If Defendant disqualified Plaintiffs' property after having demanded information, it was obliged to give Plaintiffs written notice under ORS 285C.235(1). If Defendant denied Plaintiffs' exemption claim, it was obliged to give Plaintiffs written notice under ORS 285C.275(6). Defendant did neither of those things.

Accordingly, the court finds that Defendant's lapse in its duty to give notice was good and sufficient cause under ORS 305.288 for Plaintiffs' failure to petition the property value appeals board or otherwise timely appeal. Because Plaintiffs' Complaint was filed during the 2024-25 tax year, Plaintiffs may have the value of the subject property reexamined for the two preceding tax years: 2022-23 and 2023-24. *See* ORS 305.288(3). Plaintiffs have not alleged any authority under which they could obtain relief for 2021-22, nor is the court aware of any.[3] Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss be and hereby is granted as to the 2021-22 tax year and denied as to the 2022-23 and 2023-24 tax years.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Furthermore, it is unclear whether any tax was assessed against the subject for 2021-22.

IT IS FURTHER ORDERED that the parties shall confer about the subject property's 2022-23 and 2023-24 real market value and file a stipulated agreement or a status report within 30 days of this order.

_____
POUL F. LUNDGREN
MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was signed by Magistrate Poul F. Lundgren and entered on September 8, 2025.***